UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　Plaintiff,<br>　　vs.<br>**MATTHEW LLANEZA,**<br>　　　　Defendant. | CASE NO. 13-cr-00145-YGR<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 37 |

On March 3, 2014, this Court sentenced defendant Matthew Llaneza to 180 months in the custody of the Bureau of Prisons ("BOP"), followed by a life term of supervised release, for violation of 18 U.S.C. section 2332a(a)(2)(B) ("Attempted Use of a Weapon of Mass Destruction Against Property Used in Interstate Commerce"). Defendant, who is 36 years old, is currently serving a sentence at Federal Correctional Institution ("FCI") Sheridan, with an anticipated release date of January 6, 2026. Defendant moves for an order reducing the sentence and granting a motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A)(i). The government opposes the motion.[1]

Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with

---

[1] The government concedes that the Court has jurisdiction to review the motion given that more than 30 days have elapsed since defendant submitted a request for early release to the warden at FCI Sheridan.

applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i).[2] The relevant United States Sentencing Guidelines state that "extraordinary and compelling reasons" include: (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. USSG § 1B1.13, Application Note 1(A). The Guidelines also require that the defendant not pose "a danger to the safety of any other person or to the community," as determined by (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* § 1B1.13(2); 18 U.S.C. § 3142(g).

With respect to whether an "extraordinary or compelling reason" exists, the motion primarily argues that defendant's history of asthma and valley fever place the defendant in a particularly vulnerable category of those who may become seriously ill or die due to the ongoing coronavirus (COVID-19) pandemic. In support thereof, defendant proffers evidence that in April and May of 2005, defendant was diagnosed with bronchitis, pneumonia, and asthma, for which a doctor prescribed antibiotics, and Albuterol and Advair Disckus via inhalers, respectively. Defendant further contends that due to the asthma condition, the United States Marine Corps disqualified the defendant for service. This evidence, however, is more than 15 years old. The only evidence of a more recent respiratory issue comes from two BOP clinical encounter reports dated June 6 and June 10, 2020, which show that defendant reported experiencing shortness of breath, coughing, and wheezing for approximately two weeks. The care provider followed an

---

[2] The current guidelines were promulgated prior to the enactment of the Fair Sentencing Act. The continued applicability of those guidelines is a subject of conflicting authorities. *See United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) ("This court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements [after the enactment of the FSA], courts 'can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant' compassionate release." (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). The Court need not decide the issue since it finds consideration of the factors stated in the existing guidelines useful in its exercise of discretion herein.

"[a]sthma protocol" and administered a COVID-19 test, which came back negative. The Court simply cannot conclude, based on such limited evidence, that defendant's asthma is so severe that it would subject the defendant to such an increased risk of severe illness or death from COVID-19 that early release would be appropriate.[3] Likewise, the only evidence of valley fever currently before the Court is a subjective assessment from defendant reporting a history of lung infections from the disease.[4] In sum, defendant fails to establish the existence of a medical condition that constitutes an "extraordinary or compelling reason" to grant an early release.

The government also argues that defendant's motion should be denied because defendant remains a danger to others or the community. As to this issue, defendant outlines all of the rehabilitative programs completed, including vocational training classes and drug abuse programming, while in custody. The defendant also has avoided serious disciplinary issues. This is all to defendant's credit. However, as noted at the time of sentencing, crimes of terrorism are significant. Defendant was convicted of attempted use of a weapon of mass destruction against a bank, a crime which was planned with an undercover agent over the course of many months. Defendant also has a previous conviction for possession of an unregistered AK-47 and three loaded magazines. Here, where defendant has served just over half of the imposed sentence, the Court cannot say with confidence that defendant's early release would not pose a danger to the community.

Finally, the Court addresses the parties' arguments regarding defendant's mental health. Defendant suggests that those with existing mental illnesses may "suffer more severe psychosis" if they contract COVID-19. Yet the motion itself represents that any connection between mental illness and the virus is "unknown." Furthermore, defendant and the government take contrary

---

[3] Defendant's BOP medical records from the previous two years also show evidence of a cough that resolved in 2015. Otherwise, the records show no treatment for or diagnosis of any other respiratory illness.

[4] Defense counsel represents that it has not been able to provide the Court with defendant's medical history beyond that generated while defendant has been in custody due to challenges obtaining a medical release. Because the Court is not persuaded that pre-custody records would impact the Court's decision here, defense counsel's request for a delay to allow for the collection of those records is denied.

3

positions on what effect, if any, defendant's mental illness has on the defendant's potential danger to the community.

Defendant contends that mental illness played a part in the commission of the underlying crime, and thus, the risk of recidivism is low. However, to the extent defendant's mental health was a factor in the sentence imposed, this issue was discussed by the parties and the Court at the time of sentencing and was considered in reaching a fair disposition—which involved a downward variance from the applicable guideline range. Defendant has served only a portion of that sentence. In contrast, the government suggests that defendant's "long history of mental illness" and "mental health problems [that] have continued in prison" indicate she is a danger to the community. This argument, too, fails to persuade. The BOP medical records on which the government relies suggest that while defendant has struggled with mental health issues, there is no evidence of a propensity for harming others while in custody. Moreover, mental illness is not a crime, nor is it, by itself, a basis for keeping defendant in custody longer than otherwise warranted.

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) is **DENIED**.

This Order terminates Docket Number 37.

**IT IS SO ORDERED.**

Dated: September 9, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4